**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**

**SATCOMM,**

      **Petitioner,**

**vs.**                              **Case 5:19-mc-00010-MTT**

**PAYPAL, and**
**DANIEL H. SCHULMAN,**

      **Respondents.**

_____/

**RESPONDENTS' MEMORANDUM IN OPPOSITION**
**TO MOTION TO CONFIRM ARBITRATION AWARD**

Respondents, PAYPAL, INC. (incorrectly identified in Petitioner's filings [Doc. 1] as PayPal Holding Corporate and PayPal, LLC) and DANIEL H. SCHULMAN (collectively, "Respondents" or "PayPal"), hereby respond to what appears to be a Motion to Confirm a fraudulent "Final Arbitration Award" ("Motion to Confirm") issued by Sitcomm Arbitration Association ("SITCOMM") in favor of an entity identified only as "SATCOMM." The motion was filed by SATCOMM *pro se*, by a non-attorney identified only as "Eeon."[1]

The motion should be denied for a multitude of reasons, including:

1.      The Petitioner identified as SATCOMM, presumably the foreign entity known as SATCOMM LLC, is not represented by an attorney as required by clearly established law;

2.      The Petitioner has not demonstrated any agreement to arbitrate in front of the sham arbitration company known as SITCOMM ARBITRATION ASSOCIATION ("SITCOMM").

---

[1] Eeon appears to be one of many reported aliases of "sovereign citizen" Bret Jones a/k/a Keefe Branch a/k/a Brett Randoff Toriano Keeffe Henry Kana-Shaphel Hithrappes Jones-Theophilus. *See* https://www.co.monterey.ca.us/home/showdocument?id=77940

3.     The Respondents were not given proper notice of the underlying arbitration proceeding; and

4.     The illegitimate arbitration award is arbitrary and capricious, and enforcement would be against public policy.

## I.     **Statement of Facts**

PayPal is informed and believes that SITCOMM is an "a sham arbitration organization that uses the guise of legitimacy to market itself as an authorized and legitimate arbitration company to attract paying customers and collect fees." *See PennyMac Loan Services v. Sitcomm, et al.,* No. 2:19-cv-193-KS-MTP, Complaint, Dkt. No. 1 (December 11, 2019 E.D. Miss.)  SITCOMM has been known to issue:

> exorbitant final arbitration awards against various entities, despite no arbitration hearing having ever been held, no arbitration provision existing that permits the parties to arbitrate their claims, and without proper notice or an opportunity for any party to be heard. Its final arbitration awards consist of variations of a standard form that fail to reference any specific details of the case, basis for wrongdoing, or outline the claims asserted against the various respondents. … SITCOMM then instructs its paying customers to attempt to enforce SITCOMM's six and seven-figure arbitration awards by filing petitions to confirm arbitration awards in various district courts throughout the United States, including Mississippi, New Mexico, Virginia, Oklahoma, and Texas, oftentimes despite none of the parties having any nexus to the selected venue. Plaintiff is informed and believes, and on that basis alleges that SITCOMM does not provide proper notice of the arbitrations to the respondents, does not actually conduct arbitrations, does not hear testimony or evidence, and does not evaluate claims of the claimants. Moreover, SITCOMM "conducts" these arbitrations in cases where there is no agreement to arbitrate between the parties.
>
> * * *
>
> Instead, SITCOMM sends false and vague notices of arbitration to respondents that do not contain the actual location of the arbitration or the claims sought to be arbitrated and "conducts" arbitrations with the expectation that no party will be able appear, thereby clearing an unobstructed path for SITCOMM and its customers to reduce fake arbitration awards to judgment before the creditor companies are able to appear and oppose the petitions seeking to confirm the arbitration awards. The final arbitration awards contain numerous discrepancies and purport to award the

claimants hundreds of thousands or millions of dollars, without identifying any specific wrongdoing or basis for the award.

*Id.*

Consistent with the above scheme, on September 30, 2019, PayPal received a purported, "Notice of Arbitration Hearing" ("Purported Notice") from SITCOMM, bearing an alleged date of September 11, 2019, and claiming to provide notice of an arbitration set to occur on September 25, 2019—notably before PayPal ever received notice of any "hearing"—between PayPal and "SATCOMM et al." as well as "EEON et al." *See* Declaration of Lyndsey C. Heaton In Support of Respondents' Memorandum in Opposition to Motion to Confirm Arbitration Award ("Heaton Decl.") at ¶ 2. Despite the claims made in the Purported Notice and despite the falsified contract number listed on that document and the identification of PayPal as a "Respondent," PayPal has never agreed to arbitrate any claims—with SATCOMM, EEON, or any other party—using SITCOMM. *See* Heaton Decl., ¶ 12.

After receiving the Purported Notice, PayPal wrote to SITCOMM via email and U.S. Mail on October 9, 2019, informing SITCOMM and the purported "claimants" that PayPal has not agreed to arbitrate any claims before SITCOMM and that PayPal does not recognize the authority of SITCOMM to adjudicate, arbitrate, or decide any matter with respect to PayPal and/or the use of its services. *See* Heaton Decl., ¶ 3. While many aspects of the Purported Notice were suspect (including its arrival **after** the date of the purported hearing, and claiming to provide only a two week notice of an arbitration hearing) SITCOMM's assertion in the Purported Notice that "If a Response is not received, the Arbitrator will presume your acceptance and proceed to review the supporting documentation electronically and issue a binding decision " was particularly odd and draconian. *See* Heaton Decl., ¶ 2.

There being no agreement whatsoever in which PayPal agreed to arbitrate claims before SITCOMM (and, tellingly, the purported "claimants" attached none to their Purported Notice, the "binding award" nor their Motion to Confirm filed in this matter) PayPal objected to the decision of any SITCOMM arbitrator, or with SITCOMM's authority in general. *See* Heaton Decl., ¶¶ 3, 6.

Undeterred, three days after PayPal sent its letter regarding the "Notice of Dispute", SITCOMM mailed its falsified "Final Arbitration Award" (hereinafter referred to as the "Illegitimate Award"), backdated to reflect September 25, 2019 as the date of the award. *See* Heaton Decl., ¶ 4. The USPS tracking information, however, showed that the Illegitimate Award was sent on October 12, 2019. *See* Heaton Decl., ¶ 5. In the Illegitimate Award, SITCOMM falsely claimed that PayPal entered into an agreement with SATCOMM and EEON on March 25, 2018, which included an agreement to arbitrate claims with SITCOMM. *See* Heaton Decl., ¶ 4. PayPal responded to the Illegitimate Award via a second letter dated October 24th, 2019, objecting generally and specifically to the alleged arbitrator's finding in the Purported Award that PayPal agreed to a contract between itself and SATCOMM and/or EEON through "tacit acquiescence," citing the law that "silence does not, except in unusual circumstances ... constitute acceptance of an offer to enter into a contract." *See* Heaton Decl., ¶ 6; *Shennard v. United States*, No. 11–295C, 2011 WL 6370078, *5 (Fed. Cl. Dec. 20, 2011) (*citing Radioptics, Inc. v. United States*, 621 F.2d 1113, 1121 (Ct. Cl. 1980) ("Silence may not be construed as an acceptance of an offer in the absence of special circumstances existing prior to the submission of the offer which would reasonably lead the offeror to conclude otherwise.")); *see also* Restatement (Second) Contracts § 69 cmt. a (1981) ("The mere receipt of an unsolicited offer does not impair the offeree's freedom of action or inaction or impose on him any duty to speak."). There are no such exceptional

circumstances here, and that even the Illegitimate Award itself admits that: "[a] prior relationship did not exist between the parties."  See Doc. 1-3 at page. 4 of 7.

PayPal's alleged prior lack of response to communications from SITCOMM, SATCOMM, and/or EEON (if any exist) cannot be construed as any sort of acceptance or agreement with the purported "claimants," the decision of any SITCOMM arbitrator, or with SITCOMM's authority in general. PayPal also noted in its October 24, 2019 letter that it rejected the arbitrator's claim that the Purported Award is enforceable in any of the state or federal courts in the United States. *See* Heaton Decl., ¶ 6.   PayPal further denied each and every material allegation, both specifically and generally, of each claim contained in the Purported Notice and the Illegitimate Award and further denied that SATCOMM and/or EEON have been damaged by PayPal, that SATCOMM and/or EEON have any claim against PayPal, and that the SATCOMM and/or EEON are entitled to any of the relief sought in the Notice and awarded in the Purported Award. *Id.* PayPal further specifically denied it is liable to SATCOMM and/or EEON for any claims or any sum or sums whatsoever. *Id.* PayPal also specifically rejected the claim made in the Illegitimate Award that the Arbitrator "reviewed all contractual agreements and documentary evidence submitted by the parties in this matter" as it is PayPal's position that likely no hearing was held and no documents existed for review. *Id.*

Consistent with the findings of two other Federal Courts that reviewed similar SITCOMM awards, the Illegitimate Award is "a bizarre jumble of inconsistent, nonsensical word salad" full of "legally bizarre determination[s] contrary to hornbook contract law." *Kalmowitz v. Fed. Home Mortgage Corp., et al.*, 2019 WL 6249298, at *1 (E.D.Tex. Oct. 22, 2019) (quoting Nichols, 2019 WL 4276995, at *4), report and recommendation adopted at 2019 WL 6249426 (E.D. Tex. Nov. 21, 2019). Another court noted that the "purported arbitration awards are unlike any other [the]

court has ever seen." *U.S. Bank Nat'l Ass;n v. Nichols*, No. 19-CV-482-JED-FHM, 2019 WL 4276995, at *3 (N.D. Okla. Sept. 10, 2019).

Following the Illegitimate Award, SITCOMM also mailed to PayPal two "invoices" related to the Illegitimate Award, one dated October 22, 2019, and the second dated November 20, 2019, claiming that PayPal owes an outrageous $10,000,000. *See* Heaton Decl., ¶¶ 7-8. Notably, while the postmark on the October 22nd "invoice" shows it was mailed on October 23rd, the envelope bears a backdated electronic stamp from January 14, 2019. *Id.*

All of the above is consistent with the scheme recognized by other courts as being unrelated in any way to a legitimate arbitration process.

Further, PayPal's business records include at least one account held by SATCOMM, which was created on June 5, 2017 with an address matching that used by SITCOMM in some of its fake arbitration documents—18429 Veterans Memorial Drive East, Suite 8174, Bonney Lake, WA— and which user account is controlled, at least in part, by a user going by the name "eeon." *See* Heaton Decl., ¶¶ 9, 11.  The sharing of an address between SATCOMM and SITCOMM provides further evidence of the illegitimate nature of the arbitration and the alleged "award" entered.

II.     **Legal Argument**

A.     **Lack of Counsel for Artificial Entity**

As a threshold matter, SATCOMM cannot appear in federal court unless it is represented by counsel. The "Petitioner" identifies itself only as "SATCOMM" and as headquartered in the State of Washington. The only such entity registered by the Washington Secretary of State is SATCOMM LLC, a foreign limited liability company formed on the Island of Nevis, the treasurer of which is identified as "EEON." Under clearly established law, a corporation or other artificial entity cannot appear in federal court unless it is represented by counsel. *See, e.g.*, Rowland v.

<u>California Men's Colony, Unit II Men's Advisory Council</u>, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries … that a corporation may appear in the federal courts only through licensed counsel."); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that … cannot appear *pro se*, and must be represented by counsel.").

**B.**   **<u>Lack of Agreement to SITCOMM Arbitration</u>**

Most damningly for SATCOMM, arbitration "is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to so submit." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (quoting *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)). Judicial review of arbitration awards is controlled by the Federal Arbitration Act (the "FAA"). 9 U.S.C. §§ 1 – 307. The FAA requires that a motion to confirm an arbitration award must include, among other things, the agreement containing the arbitration clause. 9 U.S.C. § 13(a). Nowhere in SATCOMM's motion is the purported agreement by which the Respondents consented to arbitration before SITCOMM. By failing to attach the purported agreement obligating the parties to consent to SITCOMM arbitration, Petitioner has not met the minimum requirements under the FAA for confirmation of an arbitration award.[2]

**C.**   **<u>Lack of Proper Notice</u>**

Petitioners' Motion to Confirm should further be denied, and the Illegitimate Award should be vacated, on the grounds that Respondents did not receive notice of the hearing. As set forth in

---

[2] Moreover, in the event a legitimate dispute occurred between SATCOMM and PayPal, the actual agreement between the parties calls for an arbitration specifically with the American Arbitration Association ("AAA"). "Section 5 of the FAA expressly provides that where a method for appointment [of an arbitrator] is set out in the arbitration agreement, the agreed upon method of appointment shall be followed." *PoolRe Ins. Corp. v. Organizational Strategies, Inc.*, 783 F.3d 256, 263 (5th Cir. 2015).

the statement of facts above, not only was the notice backdated, and not received until after the purported hearing, but the notice didn't even provide a location for the hearing. "[A]ll parties in an arbitration proceeding are entitled to notice and an opportunity to be heard." *Brown v. Ally Financial Inc.*, Case No. 2:18-CV-70-KS-MTP (S.D. Miss. Dec. 10, 2019), citing *Harris v. Parker Coll. Of Chiropractic*, 286 F.3d 790, 792 (5th Cir. 2001), quoting *Bernstein Seawell & Kove v. Bosarge*, 813 F.2d 726, 729 (5th Cir. 1987).

**D.      The Illegitimate Award is Arbitrary and Capricious, and Enforcement Would Be Contrary to Public Policy**

In addition to the statutory grounds set forth in the Federal Arbitration Act, the Eleventh Circuit has recognized two additional non-statutory bases upon which an arbitration award may be vacated. First, an arbitration award may be vacated if it is arbitrary and capricious. *Ainsworth v. Skurnick*, 960 F.2d 939, 941 (11th Cir. 1992), cert. denied, 507 U.S. 915 (1993); *Raiford v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 1410, 1413 (11th Cir.1990); *United States Postal Serv. v. National Ass'n of Letter Carriers*, 847 F.2d 775, 778 (11th Cir.1988). Second, an arbitration award may be vacated if enforcement of the award is contrary to public policy. *Delta Air Lines, Inc. v. Air Line Pilots Ass'n*, 861 F.2d 665, 671 (11th Cir.1988), 1459*1459 cert. denied, 493 U.S. 871 (1989); *U.S. Postal Service*, 847 F.2d at 777. Both apply here.

In this case, the Illegitimate Award is arbitrary and capricious, and against public policy for all of the reasons set forth in the statement of facts above, including: (a) that SITCOMM is a sham arbitration organization that uses the guise of legitimacy to market itself as an authorized and legitimate arbitration company to attract paying customers and collect fees; (b) that SITCOMM and SATCOMM share a common address and are both connected with "Eon;" (c) that Respondents received no notice of the alleged arbitration hearing until after the sham hearing allegedly occurred; (d) that the notice does not contain an address for the hearing; (e) that the

Illegitimate Award contains a falsified contract number; (f) that PayPal has never agreed to arbitrate any claims before SITCOMM; and (g) that the award was for the draconian amount of $10,000,000 with no legitimate factual or legal basis.

### E.   Petitioners Should Be Sanctioned

Several cases involving "Sitcomm Arbitration Association" have been filed recently. *See, e.g.* Memorandum Opinion and Order and Order to Show Cause, *Brown v. Ally Financial, Inc.*, Civil Action No. 2:18-CV-70-KS-MTP (S.D. Miss. Dec. 10, 2019); Motion to Confirm Arbitration Award, *Teverbaugh v. Lima One Capital, LLC,* No. 2:19-MC-159-KS-MTP (S.D. Miss. Oct. 23, 2019), ECF No. 1; Complaint, *Imperial Indus. Supply Co. v. Thomas,* No. 2:19-CV-129-KS-MTP (S.D. Miss. Sept. 13, 2019), ECF No. 1; *U. S. Bank Nat'l Ass'n v. Nichols,* 2019 WL 4276995 (N.D. Okla. Sept. 10, 2019). All the cases share the same "bizarre jumble of inconsistent, nonsensical word salad" presented as if it were legitimate legal argument. *Id.* at *2. Given this pattern of abuse, SATCOMM and "Eon" should be required to show cause why they should not be sanctioned by having attorney's fees assessed against them. See *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-59, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975) (federal courts have the inherent power to assess sanctions when a party has "acted in bad faith, vexatiously, or for oppressive reasons.").

Wherefore, Respondents ask this court to deny the Motion to Confirm Arbitration Award, vacate the purported arbitration award, and issue an order to show cause why SATCOMM and "Eon" should not be sanctioned.

Dated this 23rd day of December, 2019.

**ADAMS AND REESE LLP**

*/s/ Amy L. Hanna Keeney*
**Amy L. Hanna Keeney**
Georgia Bar No.: 509069

3424 Peachtree Road NE, Suite 1600
Atlanta, GA  30326
(470) 427-3718  (Telephone)
(470) 427-3691 (Facsimile)
AmyHanna.Keeney@arlaw.com

*Counsel for Respondents*

## CERTIFICATE OF SERVICE

I, Amy L. Hanna Keeney, certify that the foregoing document has been filed with the Court and served electronically via this Court's CM/ECF System upon registered users and/or via First Class U.S. Mail upon the following:

*SATCOMM*
*18249 East Veterans Memorial Drive*
*Suite 8174*
*Bonney Lake, WA 98391*

This 23rd day of December, 2019.

**ADAMS AND REESE LLP**

*/s/ Amy L. Hanna Keeney*
Amy L. Hanna Keeney
Georgia Bar No. 509069
*Counsel for Respondents*