IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SATCOMM, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:19-MC-10 |
| | ) |
| PAYPAL and DANIEL H. SCHULMAN, | ) |
| | ) |
| Defendants. | ) |

## ORDER

On February 4, 2020 the Court convened a hearing on Petitioner Satcomm's motion to confirm arbitration award. Prior to the hearing, the Defendants filed a response suggesting that the alleged arbitration award was procured by fraud. Doc. 2. The Petitioner failed to appear at the hearing.

The Court construes the Defendants' response as a motion to dismiss. Satcomm **SHALL** respond to that motion by February 25, 2020. The Court will convene a hearing on that motion on March 5, 2020 at 2:30 p.m. At that hearing, Satcomm shall show cause why it should not be sanctioned because of Satcomm's failure to appear for the February 4 hearing.

Further, based on the record, the arbitration award is likely fraudulent. Satcomm Arbitration Association (or "Sitcomm"; it appears they are used interchangeably) has tried this before. "[C]ourts around the country have expressed doubts regarding [Satcomm's] validity." *Meekins v. Lakeview Loan Servicing, LLC*, 2019 WL 7340300, at *3 (E.D. Va. Dec. 30, 2019) (citing *Kalmowitz v. Fed. Home Mortg. Corp.*, 2019 WL

6249298, at *1 (E.D. Tex. Oct. 22, 2019); *U.S. Bank National Ass'n v. Nichols*, 2019 WL 4276995, at *2 (N.D. Okla. Sep. 10, 2019)).[1]  Accordingly, Satcomm **SHALL** show cause, no later than February 25, 2020, why it should not be sanctioned for seeking to enforce a fraudulent arbitration award.  Of course, Satcomm may submit evidence refuting Paypal's allegation that the arbitration award is fraudulent.

**SO ORDERED**, this 6th day of February, 2020.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] As best the Court can tell, Satcomm is run by or closely affiliated with Brett Jones, an inmate at the California Institution for Men in Chino, California.  Satcomm purports to offer discount arbitration services: only $100.00 per hour (with a two-hour minimum and three fees of $100.00 each for "administrative," "technician," and "process, archiving and mailing of documents").  *See* http://saalimited.com/.  Satcomm is unlicensed but compares itself to "celebrity judges" on television, who, Satcomm suggests, are also unlicensed.  *Id*.  Satcomm apparently offers its customers "preformatted generalize [sic] contract that includes all of the elements necessary for enforcement."  *U.S. Bank Nat'l Ass'n v. Nichols*, 2019 WL 4276995, at *3 n.5 (N.D. Okla. Sept. 10, 2019).  Thus, Satcomm appears to make money by selling unwitting consumers fraudulent legal documents and also attempting—so far, unsuccessfully—to dupe a court into confirming one of its awards. Again, the Court will provide Satcomm an opportunity to refute these allegations at the March 5, 2020 hearing.