Eeon fka Brett Jones CDCR #BJ5840
P.O. Box 600 Facility A
Chino, California 91708

RECEIVED
CLERK'S OFFICE

2020 FEB 25 AM 9: 17

U.S. DISTRICT COURT
MIDDLE DIST. OF GEORGIA
MACON, GEORGIA

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA

SATCOMM, ET AL.,

    *Petitioner(s),*

v.

PAYPAL &

DANIEL H. SCHULMAN, ET AL.,

    *Respondents(s).*

Case No.: 5:19-mc-00010-MTT

**INTERVENOR'S NOTICE OF MOTION TO INTERVENE WITH MEMORANDUM OF POINTS AND AUTHORITIES**

## MOTION TO INTERVENE

COMES NOW, Eeon fka Brett Jones (Hereinafter "Eeon") over the age of 18 years, of the majority and a citizen of the United States of America to state as follows:

1. Eeon hereby moves this Court to permit him to intervene in this matter of SATCOMM v. PAYPAL, ET AL., in order to protect and defend his stance. Respondent(s) and this Court have referenced the named "Eeon" in this matter and claimed that he is somehow involved in a conspiracy, fraud and placed such information on the public record. Respondents(s) have failed to prove any of the elements of fraud or conspiracy and Eeon has a right to defend himself in a manner consistent with his moral convictions.

2. Proposed Petitioner-Intervenor, Eeon; pursuant to Federal Rule of Civil Procedure 24, seeks intervention as of right, or in the alternative, permissive intervention.

## ARGUMENT

3.  Federal Rule of Civil Procedure 24 allows both, as of right and permissive interventions. The Ninth Circuit has repeatedly expressed its strong preference for liberal evaluation of the requirements in favor of granting intervention. "[T]he requirements for intervention are broadly interpreted in favor of intervention," *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004), precisely because a "liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts." *Forest Conservation Council v. United States Forest Serv.*, 66 F.3d 1489, 1496 n.8 (9th Cir. 1995) (internal citation omitted) (abrogated by further broadening of intervention under a specific statute in *Wilderness Soc'y v. United States Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011)). As shown below, Eeon satisfies all of the intervention requirements for intervention by right, as well as permissive intervention.

I.  **Eeon is Entitled to Intervene as of Right.**

4.  Federal Rule of Civil Procedure 24(a)(2) provides that a court must permit intervention on timely application by anyone (1) who "claims an interest relating to the property or transaction that is the subject of the action," and (2) whose interest may be "impair[ed] or impede[d]" by disposition of the action, "unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). This Rule is "broadly construed in favor of potential intervenors," who must be permitted to intervene if: "(1) the application was timely filed; (2) the applicant possesses a significant protectable interest in the action; (3) the applicant's ability to protect its interest will be impaired without intervention; and (4) the existing parties may not adequately represent the applicant's interest." *Ohio State Conference of NAACP v. Husted*, 588 F. App'x 488, 490 (6th Cir. 2014) (citation omitted); see *Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999) (same). *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006); *Donnelly v.*

*Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). Courts "are guided primarily by practical and equitable considerations" in assessing these criteria. *Donnelly*, 159 F.3d at 409. Eeon meets each of these requirements for intervention as of right.

A.   **Intervenor's Motion is Timely.**

5.   The timeliness of an application for intervention is evaluated "in the context of all relevant circumstances," including:

> (1) The point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to properly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

6.   *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990); *see United States v. City of Detroit*, 712 F.3d 925, 930-31 (6th Cir. 2013) (same); *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (internal quotation marks and citations omitted). Even a motion filed four months after the filing of a lawsuit is considered "a very early state" under Ninth Circuit jurisprudence. *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995).

7.   This present case is still at the earliest stage. No scheduling order has been entered. No factual or legal issues have been litigated. Eeon has filed his motion less than two months after the original complaint was filed. Moreover, Proposed Defendant-Intervenor does not seek to alter any of the Court's current deadlines (briefing or otherwise), so there can be no argument that intervention by Eeon will result in any prejudice to the parties. *See Smith v. Los Angeles*

INTERVENOR'S NOTICE OF MOTION TO INTERVENE WITH MEMORANDUM OF POINTS AND AUTHORITIES - 3

*Unified Sch. Dist.*, 830 F.3d 843, 857 (9th Cir. 2016) (holding that "the only 'prejudice' that is relevant under this factor is that which flows from [the] prospective intervenor's" delay) (citation omitted). Therefore, Eeon has satisfied the timeliness factor.

B. **Intervenor Has a Significantly Protectable Interest in the Subject Matter of this Action.**

8. The United States Court of Appeals for the Sixth Circuit subscribes to a "rather expansive notion of the interest sufficient to invoke intervention of right." *Grutter*, 188 F.3d at 398 (citation omitted); see also *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987) ("'[I]nterest' is to be construed liberally"). No specific legal or equitable interest is required, see *Grutter*, 188 F.3d at 398. A proposed intervenor will be found to have a "significant protectable interest in an action if (1) it asserts an interest that is protected under some law, and (2) there is a relationship between its legally protected interest and the plaintiff's claim." *Cal. Ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006) (quoting *Donnelly*, 159 F.3d at 409). Granting intervention is particularly appropriate where "the injunctive relief sought by plaintiff will have direct, immediate, and harmful effects upon [the proposed intervenor's] legally protectable interests." *Southwest Cir. For Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001).

C. **Intervention in this Case is Necessary to Protect the SAA's Interest.**

9. Under the third intervention prong, "a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied." *Miller*, 103 F.3d at 1247. "This burden is minimal," and can be satisfied if a determination in the action may result in "potential stare decisis effects." Id.; *see also Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 900 (9th Cir. 2011) ("[I]ntervention of right does not require an absolute certainty that a party's interest will be impaired").

INTERVENOR'S NOTICE OF MOTION TO INTERVENE WITH MEMORANDUM OF POINTS AND AUTHORITIES - 4

## II.  Intervener Should Alternatively be Granted Permissive Intervention.

11.  In addition to satisfying the requirements for intervention as of right, Eeon also satisfies those for permissive intervention. Federal Rule of Civil Procedure 24(b)(1) provides that "[o]n timely motion, the court may permit anyone to intervene who… has a claim or defense that shares with the main action a common question of law or fact." In making this determination, a court must also consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. Civ. R. P. 24(b)(3).

12.  As previously established, Eeon's motion is timely filed and will cause no undue delay or prejudice to the original parties. *See supra* at 10. Moreover, it is clear that Eeon's defenses "share[] with the main action a common question of law or fact." Finally, Eeon believes he can provide this Court with a perspective it might not otherwise hear, thereby aiding in the disposition of the case. Accordingly, Eeon respectfully requests that this Court grant him permissive intervention in the event he is denied intervention as of right.

## CONCLUSION

For the foregoing reasons, the Court should grant Eeon's motion to intervene as of right, or in the alternative his motion for permissive intervention.

Respectfully submitted on this 18th day of February 2020.

Eeon fka Brett Jones<br>
P.O. Box 600 Facility A<br>
Chino, California 91708

## CERTIFICATE OF SERVICE

I, Eeon fka Brett Jones being at or above the age of 18, of the majority and a citizen of the United States of America, did mail the following document:

INTERVENOR'S NOTICE OF MOTION AND MOTION TO INTERVENE WITH MEMORANDUM OF POINTS AND AUTHORITIES

via United States Priority Postal Service to the following:

United States District Court
For the Middle District of Georgia
475 Mulberry Street
Macon, Georgia 31201      U.S.P.S. Tracking #: 9405511699000653962765

Via United States First Class Mail & electronic by the Clerk to the following:

Adams and Reese, LLP
3424 Peachtree Road, NE Ste 1600
Atlanta, Georgia 30326

/s/ Eeon fka Brett Jones
Eeon fka Brett Jones