**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

**SATCOMM,**

      **Petitioner,**

**vs.**                        **Case 5:19-mc-10-MTT**

**PAYPAL, and
DANIEL H. SCHULMAN,**

      **Defendants.**

_____/

## ORDER

On December 18, 2019, Petitioner Satcomm ("Satcomm") filed a Motion to Confirm Arbitration Award and Memorandum of Law in Support. (The "Motion", Doc. 1.) In Satcomm's Motion, it asks the Court to confirm a purported arbitration award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9.

On December 23, 2019, Defendants PayPal, Inc., and Daniel H. Schulman ("Defendants") filed a Memorandum in Opposition to the Motion (the "Opposition", Doc. 2), including the Declaration of Lyndsey C. Heaton and several documents in support of Defendants' Opposition (the "Heaton Declaration", Doc. 2-1).

For the reasons below, the Court **DISMISSES WITH PREJUDICE** the instant litigation raised by Satcomm due to its failure to prosecute. Further, the Court **DENIES** Satcomm's Motion (Doc. 1), construes Defendants' Opposition (Doc. 2) as a motion to (1) dismiss Satcomm's application and (2) vacate the arbitration award and hereby **GRANTS** dismissal of the matter and **VACATES** Satcomm's purported arbitration award. The Court

also **AWARDS** Defendants their attorneys' fees and costs incurred as a result of Satcomm's efforts to confirm the purported arbitration award as sanctions for Satcomm's pursuit to confirm a fraudulent arbitration award and **ORDERS** Defendants to submit a detailed accounting of their attorneys' fees and costs on or before **April 24, 2020**.

## I.     Standard of Review

Section 9 of the FAA provides that, "upon application of any party to the arbitration, the court *must* confirm the arbitrator's award unless it is vacated, modified, or corrected in accordance with sections 10 and 11 of the statute." *Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1321 (11th Cir. 2010) (emphasis in original). The FAA permits vacatur of an arbitration award in four narrow circumstances, one of which includes "where the award was procured by corruption, fraud, or undue means." *Id.*; 9 U.S.C. § 10(a)(1). The party moving to vacate the award has the burden to set forth sufficient grounds to vacate the arbitration award in its moving papers. *O.R. Sec., Inc. v. Prof'l Planning Assocs., Inc.*, 857 F.2d 742, 748 (11th Cir. 1988).

## II.     Procedural Background; Satcomm's Failure to Appear

On January 21, 2020, the Court set a hearing on Satcomm's Motion, and the hearing was scheduled to occur on February 4, 2020. The day before the hearing was to occur, on February 3, 2020, Satcomm filed a Motion to Continue Hearing and for Extension of Time. (Doc. 6.) The same day, the Court entered an order denying Satcomm's motion and putting Satcomm on notice that it "is an artificial entity and therefore must be represented by counsel." (Doc. 8 at 1.) The Court also indicated that it had no objection to Satcomm appearing by telephone at the hearing set for the following

day, provided that counsel appeared on Satcomm's behalf. (*Id.*) Satcomm did not appear for the February 4 hearing, either in person or telephonically. Satcomm also failed to appear at a subsequent hearing set by the Court for March 5, 2020.

### III. Dismissal of Instant Litigation for Failure to Prosecute

After a hearing held on February 4, 2020, at which Satcomm failed to appear, the Court entered an Order on February 6, 2020, construing Defendants' Opposition as a motion to dismiss, and gave Satcomm until February 25, 2020, to file a response. (The "Order", Doc. 12 at 1.) Satcomm failed to file a response by that date. Additionally, the Court set a hearing on Defendants' Opposition for March 5, 2020, and Satcomm failed to appear at that hearing.

A corporation or other artificial entity cannot appear in federal court unless it is represented by counsel. *See, e.g., Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries … that a corporation may appear in the federal courts only through licensed counsel."); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that … cannot appear pro se, and must be represented by counsel.").

After being directed by the Court to obtain counsel to appear on its behalf (*see* Doc. 8), Satcomm failed to do so. Accordingly, the instant matter is **DISMISSED** for failure to prosecute. Because the Court finds that there is a clear record of willful misconduct by Satcomm (as is more fully described in the Court's discussion of Satcomm's failure to show cause and otherwise sanctionable behavior, *infra* pp. 7-10), and that lesser

sanctions are inadequate to correct such misconduct, the instant litigation is **DISMISSED WITH PREJUDICE**. *See Powell v. Owens*, No. 5:14-CV-87 (MTT), 2016 WL 3645185, at *1 (M.D. Ga. June 30, 2016) (quoting *Hines v. Thomas*, 604 F. App'x. 796, 800 (11th Cir. 2015)).

## IV.    The Purported Arbitration Award was Procured by Fraud and is Vacated

The Court also finds that Defendants have met their burden to prove that Satcomm's purported $10 million arbitration award was procured by fraud and must be vacated pursuant to the FAA.

As a threshold matter, the Court finds that Defendants did not receive notice of the arbitration "hearing", such that the Court may vacate the purported arbitration award for this reason alone. On September 30, 2019, Defendants received a notice titled "Notice of Arbitration Hearing" (the "Notice") from "SITCOMM", bearing a purported date of September 11, 2019. (*See* Heaton Declaration, Doc. 2-1 at ¶ 2, Doc. 2-2.) The Notice purported to notify Defendants of an arbitration hearing set to occur on September 25, 2019—a date that was five days before PayPal even received the Notice. (*Id.*) "[A]ll parties in an arbitration proceeding are entitled to notice and an opportunity to be heard." *Brown v. Ally Fin. Inc.*, Case No. 2:18-CV-70-KS-MTP, 2019 WL 6718672 (S.D. Miss. Dec. 10, 2019) (citing *Harris v. Parker Coll. Of Chiropractic*, 286 F.3d 790, 792 (5th Cir. 2001)) (quoting *Bernstein Seawell & Kove v. Bosarge*, 813 F.2d 726, 729 (5th Cir. 1987). Defendants have produced evidence in support of its position that it received no notice, and Satcomm has produced none in opposition, despite being given several opportunities by the Court to do so.

In addition to the lack of notice to Defendants, the Court observed several indicia of fraud surrounding Satcomm's purported arbitration award, including:

(a) that "SITCOMM" and/or Satcomm appears to be a sham arbitration organization that uses the guise of legitimacy to market itself as an authorized and legitimate arbitration company to attract paying customers and collect fees (Order at 2, n.1)[1];

(b) that "SITCOMM" and Satcomm share a common address and are both connected with "Eeon" (Heaton Declaration, Doc. 2-1 at ¶¶ 7-9; Doc. 2-6; Doc. 2-7; Doc. 2-8);

(c) that "Eeon" has filed a number of documents in this matter purporting to represent Satcomm (*see, e.g.,* Doc. 7; Doc. 14);

---

[1] As the Court explained in its February 6 Order at p.2, n.1:

> As best the Court can tell, Satcomm is run by or closely affiliated with Brett Jones, an inmate at the California Institution for Men in Chino, California. Satcomm purports to offer discount arbitration services: only $100.00 per hour (with a two-hour minimum and three fees of $100.00 each for "administrative," "technician," and "process, archiving and mailing of documents"). *See* http://saalimited.com/. Satcomm is unlicensed but compares itself to "celebrity judges" on television, who, Satcomm suggests, are also unlicensed. *Id.* Satcomm apparently offers its customers "preformatted generalize [sic] contract that includes all of the elements necessary for enforcement." *U.S. Bank Nat'l Ass'n v. Nichols*, 2019 WL 4276995, at *3 n.5 (N.D. Okla. Sept. 10, 2019). Thus, Satcomm appears to make money by selling unwitting consumers fraudulent legal documents and also attempting—so far, unsuccessfully—to dupe a court into confirming one of its awards.

The Court provided Satcomm with multiple opportunities to refute these allegations, but Satcomm failed to do so.

(d) that Defendants received no notice of the alleged arbitration hearing until after the purported arbitration hearing allegedly occurred (Heaton Declaration, Doc. 2-1 at ¶ 2; Doc. 2-2);

(e) that the Notice does not contain an address for the hearing (*Id.*);

(f) that Defendants have never agreed to arbitrate any claims before SITCOMM (Heaton Declaration, Doc. 2-1 at ¶¶ 3, 6, 12; Doc. 2-3; Doc. 2-5; Doc. 2-11); and

(g) that a prevailing party in the purported arbitration is SATCOMM, the same entity as, or one closely related to, the arbitrator, SITCOMM ("Final Arbitration Award," Doc. 1-3).

Further, the Court finds the purported arbitration award was for the draconian amount of $10 million, with no legitimate factual or legal basis for establishing such a high amount. *See Ainsworth v. Skurnick*, 960 F.2d 939, 941 (11th Cir. 1992); *Raiford v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 1410, 1413 (11th Cir.1990); *U.S. Postal Serv. v. Nat'l Ass'n of Letter Carriers*, 847 F.2d 775, 778 (11th Cir.1988); *Delta Air Lines, Inc. v. Air Line Pilots Ass'n Int'l*, 861 F.2d 665, 671 (11th Cir.1988).

In evaluating Defendants' evidence in combination with Satcomm's behavior in this matter, and Satcomm's failure to respond or to refute such facts, the Court finds that the purported arbitration award was procured by fraud. Accordingly, to the extent Satcomm's Motion was intended to have the Court confirm its fraudulent arbitration award, the Court **DENIES** Satcomm's Motion. Further, the Court finds that Defendants have met their burden to prove that the purported arbitration award should be vacated pursuant to 9

U.S.C. § 10(a)(1), **GRANTS** Defendants' Opposition construed as a motion to dismiss, and hereby **VACATES** Satcomm's purported arbitration award.

## V. Satcomm's Failure to Show Cause

In its February 6 Order, the Court instructed Satcomm to show cause why it should not be sanctioned for (1) failing to appear for the February 4 hearing, and (2) seeking to enforce a fraudulent arbitration award. Also in its Order, the Court summarized its view of Satcomm's operations and indicated that "Satcomm appears to make money by selling unwitting consumers fraudulent legal documents and also attempting—so far, unsuccessfully—to dupe a court into confirming one of its awards." (Order, n.1.) The Court invited Satcomm to refute those allegations either in writing by February 25 or at the March 5 hearing.

Satcomm did not respond to the Order, nor did it appear at the March 5 hearing. Instead, on February 25, Satcomm's affiliate, Eeon f/k/a Brett Jones, filed a motion to intervene in this lawsuit. (Doc. 13.) In his motion, Eeon asks the Court to permit him to intervene "in order to protect and defend his stance." (Doc. 13 at 1.) Because the instant litigation has been dismissed due to Satcomm's failure to prosecute (*see supra* pp. 2-4), Eeon's motion to intervene is **DISMISSED AS MOOT**.

Additionally, on February 28, Satcomm purportedly filed a document with the Court titled "Proving the Record, Motion to Strike, A Standing Response, A Challenge to the Courts [sic] Jurisdiction." (Doc. 14.) Notably, this filing is (1) filed three days after the Court's deadline for Satcomm to oppose Defendants' motion to dismiss and/or show cause as to why it should not be sanctioned, and (2) signed by Eeon and not counsel

representing Satcomm. Further, the filing does not identify any specific documents to be stricken and merely rehashes Satcomm's original arguments asserting that the purported arbitration award must be confirmed as a matter of law. The Court put Satcomm on notice of its need to be represented by counsel (*see* Doc. 8), yet it has not complied, and no attorney has appeared in this matter on its behalf. Accordingly, to the extent the February 28 filing can be considered a motion to strike, it is **DENIED**. Further, even if not stricken, the filing does not address the issues raised by the Court in its Order regarding the seemingly fraudulent nature of the purported arbitration award.

In sum, the Court finds that Satcomm failed to appear at either hearing set in this case, failed to meaningfully oppose Defendants' position, and, consequently, failed show cause as to why it should not be sanctioned.

## VI.     Sanctions Against Satcomm

Finally, the Court considers what sanction(s) against Satcomm is/are appropriate here. The Court has the inherent power to assess sanctions when the losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001) (quoting *Chambers v. Nasco, Inc.*, 501 U.S. 32, 45-46 (1991) (overruled on other grounds)). In order to exercise its inherent power, however, the Court must first find that the party acted in bad faith. *E. Prop. Dev. LLC v. Gill*, No. 4:11-CV-62 (CDL), 2012 WL 2885994, at *2 (M.D. Ga. July 13, 2012).

The Court finds that Satcomm has acted in bad faith. Satcomm has raised an objectively frivolous argument, either knowingly or recklessly, in its attempt to have the Court confirm a fraudulent arbitration award. Other courts have already examined

Satcomm's purported "arbitration" process and determined it lacks merit. *See, e.g., U.S. Bank Nat'l Ass'n v. Nichols*, No. 19-CV-482-JED-FHM, 2019 WL 4276995, at *3 (N.D. Okla. Sept. 10, 2019) (noting the "purported arbitration award is unlike any other [the] [c]ourt has ever seen."). Yet Satcomm continues to utilize the resources of this Court and other courts in its stubborn attempt to have its purported arbitration award confirmed. Perhaps most notably, the Court put Satcomm on notice of its opinion that the arbitration award, the arbitration association, and Satcomm's use of the Court is part of a larger fraudulent enterprise. (*See generally* Order.) In response, Satcomm did nothing to refute this position or, more appropriately, withdraw its Motion. Instead of providing the Court with supplemental evidence in support of its position, it filed an unclear motion (Doc. 14) that doubles down on its initial arguments. Satcomm's continued pursuit of confirmation of the purported arbitration award—despite indication from the Court that there are grave concerns with the legitimacy of the purported award—signals Satcomm's and its affiliates' disregard for Defendants and the Court.

For these reasons, the Court finds that Satcomm acted in bad faith and finds sanctions against Satcomm to be appropriate. The Court **AWARDS** Defendants its reasonable attorneys' fees and costs incurred due to Satcomm's frivolous attempt to gain the Court's confirmation of the purported arbitration award. This includes all attorneys' fees and costs incurred by Defendants since Satcomm filed its Motion on December 18, 2019. The Court **ORDERS** Defendants to submit a detailed accounting of their attorneys' fees and costs on or before **April 24, 2020.**

**SO ORDERED AND ADJUDGED** this 1st day of April, 2020.


S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT




This Order was prepared by defense counsel but has been modified by the Court.