# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **SATCOMM,** *Petitioner,* v. **PAYPAL,** *et. al.,* *Respondents.* | **CIVIL ACTION NO. 5:19-mc-00010-TES-CHW** |

## ORDER

The Court dismissed SATCOMM's case *with prejudice* and entered judgment against it. [Doc. 18]. The Court dismissed SATCOMM's action for failure to prosecute because SATCOMM failed to obtain counsel to appear on its behalf. *See* [Doc. 17, pp. 3–4]. Now, SATCOMM has filed a motion asking the Court to vacate the order dismissing its case. *See* [Doc. 26]. The Court stands by its order dismissing SATCOMM's case because SATCOMM had no right to appear before this Court unless it was represented by counsel—a rule the Court gave SATCOMM ample notice of and opportunity to comply with. *See, e.g.*, [Doc. 8]. SATCOMM ignored this rule before the Court dismissed his case and he continues to ignore this rule now as it still has not obtained counsel.

A corporation or other artificial entity cannot appear in federal court unless it is represented by counsel. *See, e.g., Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two

centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that . . . cannot appear pro se, and must be represented by counsel."). The Court was correct to dismiss SATCOMM's case for failure to prosecute. Accordingly, SATCOMM's Motion to Vacate [Doc. 27] is **DENIED**.

    **SO ORDERED**, this 14th day of July, 2021.

S/Tilman E. Self, III  
**TILMAN E. SELF, III, JUDGE**  
**UNITED STATES DISTRICT COURT**
